Stephen K. Haynes, Esq. 114935
P.O. Box 84526
San Diego, CA 92138-4526
(619) 523-4204 voice
(619) 222-7866 fax
haynes-esq @ att.net (ECF)

Attorney for Plaintiff El Patio, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID NATHAN PENNY,<br><br>　　　　　　　　　Debtor | Case No. 12-06150-MM7<br><br>Adv. No. 12-90268-MM |
| EL PATIO, LLC,<br><br>　　　　　　　　　Plaintiff<br><br>v.<br><br>DAVID NATHAN PENNY,<br><br>　　　　　　　　　Defendant | EL PATIO'S RESPONSE TO PENNY'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT<br><br>Date:　April 4, 2013<br>Time:　10:00 a.m.<br>Dept:　1<br>Judge:　Margaret M. Mann |

On April 3, 2013, plaintiff El Patio, LLC ("El Patio") received notice via ECF that defendant/debtor David Penny ("Penny") filed opposition to El Patio's motion for a default judgment. El Patio responds as follows:

/ / /

### *1.  No Relief from Default Has Been Granted*

Penny was defaulted in September 2012.  He did not seek relief from default.  El Patio does not consent to relief.  El Patio is aware of no basis for Penny to file opposition to the motion for a default judgment.

### *2.  Penny Had Actual Notice of this Adversary Proceeding*

Penny does not deny receipt of the summons and complaint in early August 2012, receipt of the request for entry of default in early September 2012, or receipt of the notice of entry of default in late September 2012.  Penny had actual knowledge of the exception to discharge complaint no later than November 27, 2012.  Attached as Exhibit A is a page from the proposed complaint e-mailed by Penny to El Patio's counsel.  It expressly refers to this adversary proceeding.  Attached as Exhibit B is the comparable page from the complaint actually filed by Penny on February 13, 2013.

### *3.  The Perjury Brief*

The matters in the perjury brief must have been known to Penny before the Texas trial.  Penny chose not to appear as a witness at trial to contest them.  He does not explain why he should not be bound by these actions.  Moreover, the answer in the underlying pre-petition litigation was stricken for failure to engage in discovery.  Penny does not explain why he should not be bound by that discovery order.  For the court to consider the matters in the perjury brief would make a mockery of discovery sanctions, presentation of evidence and witnesses at trial, deference to trial court findings on appeal, the full faith and credit doctrine, constitutional and statutory limits on bankruptcy court jurisdiction, and entry of default.

### *4.  Capacity to Litigate*

Penny contends that El Patio lacks capacity to litigate this adversary proceeding. Under Fed. R. Civ. Proc. 17(b), made applicable by Fed. R. Bankr. Proc. 7017, capacity

to sue or be sued is determined by the law under which the entity is organized. Because subject matter jurisdiction over this exception to discharge adversary proceeding is based on bankruptcy law rather than diversity of citizenship, the provisions of Rule 17(b) are controlling. *See, e.g., Dollar Saver Stores, Inc. v. Brown (In re Fantastik, Inc.)*, 49 B.R. 510 (Bankr. D. Nev. 1985).

### a. Nevada

El Patio is a Nevada limited liability company. Penny contends that El Patio failed to file Nevada forms and/or pay Nevada fees when they were due in November 2012, so El Patio somehow lost the right to maintain this litigation. A Nevada LLC goes into "default" status if its filings and fees are not timely paid, it goes into "default" status, but the LLC charter is not revoked until thirteen months later. *See* Nev. Rev. Stat. § 86.274. There is no question that El Patio has the capacity to sue under Nevada law, even if its status with respect to filings and fees is "default."[1]  *AA Primo Builders, LLC v. Washington*, 245 P.3d 1190 (Nev. 2010).

### b. California

El Patio is not organized under California law. Penny asserts that it never registered or qualified to do business in California. Cal. Rev. & Tax. Code § 23301 is not applicable. Cal. Rev. & Tax. Code § 23301.6.

Cal. Corp. Code § 2203(c) bars a suit in a California state court by a foreign business entity concerning intrastate business, but only if the entity was required to register or qualify to do business in California. El Patio's only real property – the Motel – was in Texas. This adversary proceeding concerns a Texas judgment arising from Penny's embezzlement of the funds generated by operation of the Motel. This might be intrastate business in Texas, but it is not intrastate business in California.

---

[1] El Patio is not presently in default status. A copy of the current online status from the Nevada Secretary of State is attached as Exhibit C hereto.

**5.      *Prematurity***

The Texas judgment is final under Texas law.  If the judgment is vacated or reversed on appeal, Fed. R. Civ. Proc. 60(b)(5), made applicable by Fed. R. Bankr. Proc. 9024, provides the appropriate procedural vehicle if further action is necessary.


Date:    April 4, 2013                                    */s/ Stephen K. Haynes*
                                                          Stephen K. Haynes, Esq.
                                                          Attorney for Plaintiff El Patio, LLC

RESPONSE RE OPPOSITION TO MOTION FOR DEFAULT JUDGMENT

# DECLARATION

Stephen K. Haynes declares:

1. I am the attorney of record for plaintiff El Patio, LLC. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would competently testify to those facts.

2. On November 27, 2012, I received an e-mail from debtor/defendant David Penny to which he attached a copy of a proposed state court complaint. Attached as Exhibit A is a copy of page 3 of that complaint.

3. On February 13, 2013, Penny filed a revised version of the complaint with the San Diego County Superior Court. Attached as Exhibit B is a copy of page 3 of that complaint.

4. Attached as Exhibit C is an online status report from the Nevada Secretary of State regarding El Patio, LLC as of Monday, April 1, 2013.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, California on April 4, 2013.

*/s/ Stephen K. Haynes*
Stephen K. Haynes

1  in Texas. This disgusting behavior continued up to April 30, 2012 when Penny filed a Chapter 7 case in San Diego.

9. They also pursuant to this conspiracy took title to all of plaintiffs real estate in Texas, and took money from his bank account.

**FIRST CAUSE OF ACTION – Count Two**
**For Compensatory and Punitive Damages for Injury Based on**
**Conspiracy from April 30, 2012 through November 5, 2012**
**(Against Richard Rauber, Stephen Hyde, El Patio, and Does 1 through 5)**

10. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 8.

11. When Penny filed a Chapter 7 bankruptcy case on April 30, 2012, Rauber, Hyde and El Patio caused to have filed a claim for El Patio and filed a lawsuit alleging the non-dischargeability of the debt. They also filed false declarations concerning the truth of the Texas judgment. During this time they knew that no money was actually owed by Penny. They also took personal property.

**FIRST CAUSE OF ACTION – Count Three**
**For Compensatory and Punitive Damages for Injury Based on**
**Conspiracy from November 5, 2012 to the present**
**(Against Richard Rauber, Stephen Hyde, El Patio, Stephen Haynes and Does 1 through 5)**

12. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 7.

13. On November 5, 2012, conclusive proof of the perjury was provided to Stephen Haynes, the bankruptcy attorney for El Patio, Richard Rauber, Wavecrest, and Stephen Hyde.

14. Haynes, along with El Patio, Rauber, and Hyde have not removed the claim filed by El Patio, and have not taken off calendar several motions seeking money and other property from Penny.

**SECOND CAUSE OF ACTION – Count One**
**For Compensatory and Punitive Damages for Injury Based on**
**Intentional Infliction of Emotional Distress from January 2009 through April 30, 2012**
**(Against Richard Rauber, Stephen Hyde, El Patio and Does 6 through 10)**

**EXHIBIT A**

1  in Texas. This disgusting behavior continued up to April 30, 2012 when Penny filed a Chapter

2  7 case in San Diego.

3     9. They also pursuant to this conspiracy took title to all of plaintiffs real estate in Texas,

4  and took money from his bank account.

### FIRST CAUSE OF ACTION – Count Two
### For Compensatory and Punitive Damages for Injury Based on Conspiracy from April 30, 2012 through November 5, 2012
### (Against Richard Rauber, Stephen Hyde, El Patio, and Does 1 through 5)

   10. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 8.

   11. When Penny filed a Chapter 7 bankruptcy case on April 30, 2012, Rauber, Hyde and El Patio caused to have filed a claim for El Patio and filed a lawsuit alleging the non-dischargeability of the debt. They also filed false declarations concerning the truth of the Texas judgment. During this time they knew that no money was actually owed by Penny. They also took personal property.

### FIRST CAUSE OF ACTION – Count Three
### For Compensatory and Punitive Damages for Injury Based on Conspiracy from November 5, 2012 to the present
### (Against Richard Rauber, Stephen Hyde, El Patio and Does 1 through 5)

   12. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 7.

   13. On November 5, 2012, conclusive proof of the perjury was provided to El Patio, Richard Rauber, Wavecrest, and Stephen Hyde.

   14. El Patio, Rauber, and Hyde have not removed the claim filed by El Patio, and have not taken off calendar several motions seeking money and other property from Penny.

### SECOND CAUSE OF ACTION – Count One
### For Compensatory and Punitive Damages for Injury Based on Intentional Infliction of Emotional Distress from January 2009 through April 30, 2012
### (Against Richard Rauber, Stephen Hyde, El Patio and Does 6 through 10)

   15. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 13.

COMPLAINT FOR DAMAGES
-3-

**EXHIBIT B**



EXHIBIT C